STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL COURT
AUGUSTA
Docket Nos. CR-2022-2244

STATE OF MAINE

V. **ORDER**

ZACHARY ERKSON

Before the court is the Defendant's Motion to Dismiss or Other Relief filed on December 30, 2022. The motion to dismiss was denied by the court for the reasons stated on the record on January 5, 2023. The court would add to that record the following: At some point after the initial appearance, the clerk's office became aware that Mr. Erkson was represented by Attorney Catherman on unrelated charges and were working on having him appointed to represent the Defendant on the charges in this case, but he was no longer on our roster here at the CJC. Ultimately, Attorney Erkson was not able to accept the case. Attorney French was then appointed to the case, but that order was vacated when he could not accept it. Then, on December 29, 2022, Attorney Bourget was appointed.

As an alternative to dismissal, the Defendant, through Attorney Ruffner who has entered a limited appearance, seeks personal recognizance or unsecured bail. The court has listened to the recording of Mr. Erkson's in-custody initial appearance before the court (Gilbert, J.) on December 19, 2022. The court has also listened to a sampling of 5 other in-custody matters that day. The court has also read the probable cause affidavit and other statements. Judge Gilbert was aware at the time of Mr. Erkson's initial appearance that the complaint had some "deficiencies," including that the prior conviction alleged in the complaint was slightly more than

10 years old, because they were brought to her attention by Attorney Bourget acting as lawyer of the day for Mr. Erkson. The Judge made it clear that her bail decision was not based on the classification of the alleged crimes, but on the factual statements in the probable cause affidavit, including the allegation that Mr. Erkson discharged a gun into the woods while in a motor vehicle with the complaining witness and his minor child, and pointed the gun at the head of the complaining witness and said he would kill her. The court understands that these allegations are strongly disputed in many material respects. Nevertheless, the serious nature of the allegations, the existence of probable cause to support those allegations, and the Defendant's prior criminal record persuades the court that no change to the Defendant's bail is warranted. In the court's view, the bail set at the initial appearance was and is reasonable. Moreover, there is no basis to reduce the bail as any type of "sanction" for an alleged violation of M.R.U.Crim.P. 5(e), which the court finds did not occur.

The entry is:

Motion to Dismiss or for Relief is DENIED.

Dated: January 9, 2023

William R. Stokes
Justice, Superior Court

Entered on the docket 1|9|23